Rodosvaldo C. POZO, Plaintiff–Appellant,

v.

Dane ESSER, et al., Defendants–Appellants.

No. 02–2300.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 6, 2004.*

Decided Feb. 17, 2004.

Rehearing Denied April 2, 2004.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Rodosvaldo C. Pozo, pro se, Boscobel, WI, for Plaintiff–Appellant.

John R. Sweeney, Office of the Attorney General, Madison, WI, for Defendants–Appellees.

Before BAUER, COFFEY, and ROVNER, Circuit Judges.

## ORDER

Wisconsin inmate Rodosvaldo Pozo filed this *pro se* suit under 42 U.S.C. § 1983 against officials in the Wisconsin Department of Corrections, alleging that they violated his rights under the Eighth Amendment by using excessive force and by being deliberately indifferent to his serious medical needs. Pozo also alleged that the officials' actions were in retaliation for complaining about prison conditions. The parties proceeded to trial, and a jury found in favor of the defendants. Pozo appeals, but because he has failed to provide us with trial transcripts, we must dismiss his appeal. *See* Fed. R.App. P. 10(b)(2).

Pozo's allegations stem from an April 2001 incident in which the defendants transferred him from one prison cell to another. During the transfer, Pozo contends, he was assaulted by the defendants, causing injuries to his head and back. Pozo submits that those injuries were not treated until five or six days later. Further, Pozo claims, he was then placed in a cold cell without clothing or bedding for three days. Pozo argues that the defendants' actions were malicious and intended to cause him harm and that as a result of the incident he suffers from post-traumatic stress disorder, nightmares, phobias, and difficulty sleeping and concentrating.

On appeal Pozo challenges the district court's evidentiary and procedural rulings at trial as well as the jury's verdict. First, Pozo contests the district court's admission of a videotape of the April 2001 cell transfer; he believes that the defendants altered the videotape by erasing the portion showing them using excessive force. Next, Pozo submits that the district court erred at trial by refusing to give him copies of two prison policies concerning the transfer of inmates. Pozo also argues that the district court erred in refusing to permit several of Pozo's witnesses to testify at the trial. Further, Pozo challenges the jury's conclusion that the defendants were not deliberately indifferent to his medical

needs. Finally, Pozo contends that the trial was unfair both because the district court did not appoint counsel to represent him and because the court made negative comments about him that biased the jury toward the defendants.

Pozo, however, has not included a trial transcript in the record, so we cannot meaningfully review any of his arguments or verify any of his claims. *See LaFollette v. Savage,* 63 F.3d 540, 544 (7th Cir.1995). Federal Rule of Appellate Procedure 10(b)(2) provides that "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion." Fed. R.App. P. 10(b)(2); *see Learning Curve Toys, Inc. v. PlayWood Toys, Inc.,* 342 F.3d 714, 731 n. 10 (7th Cir.2003). Without the transcript, "we are unable to evaluate the evidence submitted in this case." *Hotaling v. Chubb Sovereign Life Ins. Co.,* 241 F.3d 572, 581 (7th Cir.2001) (citation omitted). Since all of Pozo's arguments require us to evaluate the evidence presented at trial, all of his arguments are forfeited and we may dismiss his appeal. *LaFollette,* 63 F.3d at 544 ("dismissal is the appropriate course if the absence of a complete record precludes meaningful appellate review"). We note that Pozo's *pro se* status does not prohibit dismissal. *See Woods v. Thieret,* 5 F.3d 244, 245–46 (7th Cir.1993) (dismissing appeal of *pro se* plaintiff for failure to provide transcript).

■ Although we have the authority under Federal Rule of Appellate Procedure 10(e) to order Pozo to supplement the record to include the trial transcript, we decline to exercise that authority because Pozo has "had ample opportunity to correct the problem but [has] failed to do so." *LaFollette,* 63 F.3d at 545. Pozo twice requested a copy of the trial transcript from the district court, noting that he needed the transcript to prepare his appeal. The district court denied both motions, concluding that because the transcript was not necessary for his appeal, Pozo would have to prepay to receive it. But he never paid to have the transcript prepared. Afterwards in this court Pozo four times renewed his motion to receive a free transcript; each motion was denied. In denying one of his motions, we notified Pozo that he was not entitled to receive free transcripts because he was not proceeding *in forma pauperis* on appeal. *See* 28 U.S.C. § 753(f). Since Pozo still did not order and arrange to purchase the transcript, we see no purpose in affording him yet another chance to do so.

The defendants request that Pozo be sanctioned for filing a frivolous appeal, but they have not submitted the "separately filed motion" necessary for us to consider their request. *See* Fed. R.App. P. 38 (requiring "notice" and a "reasonable opportunity to respond" before sanctions can be imposed); *LINC Fin. Corp. v. Onwuteaka,* 129 F.3d 917, 924–25 (7th Cir.1997).

DISMISSED.